**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5474-17T3

YUHANAA[1] CALLAWAY,

    Plaintiff-Appellant,

v.

MICHELLE SPIRO,

    Defendant/Third-Party
    Plaintiff-Respondent,

v.

CALLAWAY'S CONSTRUCTION,
LLC,

    Third-Party Defendant.

_____

410 MADISON, LLC,

    Plaintiff,

v.

YUHANAA R. CALLAWAY AND
CALLAWAY'S CONSTRUCTION, LLC,

---

[1] The May 18, 2018 order on appeal misspelled the name as "Yuhanna."

Defendants,

and

CALLAWAY'S CONSTRUCTION,
LLC,

Third-Party Plaintiff,

v.

MICHELLE SPIRO,

Third-Party Defendant.

_____

Submitted May 15, 2019 – Decided July 5, 2019

Before Judges Nugent and Reisner.

On appeal from the Superior Court of New Jersey, Law Division, Hudson County, Docket Nos. L-0033-16 and L-0463-17.

Fox Rothschild LLP, attorneys for appellant (Jordan B. Kaplan and Brett A. Berman, on the briefs).

Lentz & Gengaro LLP, attorneys for respondent (Christopher P. Gengaro, of counsel and on the briefs).

PER CURIAM

Plaintiff Yuhanaa Callaway appeals from a May 18, 2018 order dismissing his complaint after a bench trial. He also appeals from a July 6, 2018 order denying his reconsideration motion, and from interlocutory orders dated

2

November 17, 2017 and February 16, 2018, compelling the production of tax returns. We affirm substantially for the reasons stated by the trial judge in his twenty-one page written opinion issued May 18, 2018, and his oral opinion issued July 6, 2018. We add these comments.

In brief summary, Callaway sued defendant Michelle Spiro, asserting that they had a partnership agreement to purchase and rehabilitate a three-unit apartment building, convert it to condominiums, and split the profits equally. He claimed she failed to pay him his share when two of the units were sold. In the alternative, he asserted a claim for the value of his services based on quantum meruit. Spiro agreed they had a partnership, but she had a significantly different view of the terms. Her version was that Callaway breached the agreement, after being paid hundreds of thousands of dollars for his construction services, there were no profits to split after payment of expenses from the sale of the two units, and she owed him nothing. She and her corporation, 410 Madison, LLC, also sued Callaway and his construction company, claiming Callaway failed to perform the work in a good and workmanlike manner.[2]

---

[2] The trial court consolidated the parties' various lawsuits. We will refer to the parties as Callaway and Spiro.

A-5474-17T3

The parties had no written partnership agreement and very little other documentation to support their claims. As a result, credibility was a central issue in the case. After a lengthy bench trial, the trial judge found that "[p]laintiff, Yuhanna Callaway lacks any credibility." The judge explained that credibility determination in great detail. The judge also found that Spiro "had credibility problems" for reasons detailed in the opinion. The judge found that neither party proved his or her claims, and he dismissed the entire case.

Significantly, the judge found that neither party proved the asserted terms of their agreement, and they failed to prove they had a meeting of the minds, necessary to the formation of a contract. The judge also found Callaway did not prove his claim for unjust enrichment, due to the lack of credible evidence. The judge dismissed Spiro's affirmative claims concerning construction defects, because she failed to support the claims with expert testimony. Only Callaway filed an appeal.

On his appeal, Callaway contends that the trial judge's factual findings do not support his legal conclusions, and he challenges several of the trial court's evidentiary rulings.[3] His brief presents the following points of argument:

---

[3] The February 16, 2018 order was entered by another judge. The trial judge entered the remaining orders on appeal.

A-5474-17T3

I. THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION BECAUSE THE COURT'S FINDINGS OF FACT DO NOT SUPPORT ITS CONCLUSION OF LAW.

II. THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY DENYING DALE FIOR THE OPPORTUNITY TO TESTIFY AS TO THE INCREASED VALUE OF THE PROPERTY.

III. THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY ORDERING THE PRODUCTION OF PLAINTIFF'S TAX RETURNS AND PERMITTING DEFENDANT TO ASK QUESTIONS RELATING TO THOSE TAX RETURNS.

IV. THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY EXCLUDING FROM EVIDENCE PHOTOGRAPHS OF THE PROPERTY THAT DEMONSTRATED THE EXTRA WORK THAT PLAINTIFF PERFORMED AT THE PROPERTY.

V. THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY PERMITTING JONATHAN ROSEN TO TESTIFY.[4]

VI. THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY PERMITTING DEFENDANT TO ASK IRRELEVANT, PREJUDICIAL QUESTIONS CONCERNING PLAINTIFF'S PERSONAL BANKING PRACTICES.

---

[4] After the briefs were filed, Callaway withdrew Point V. Hence, we will not address it.

A-5474-17T3

Because this appeal arises from a bench trial, we defer to the trial judge's factual findings so long as they are supported by substantial credible evidence. Rova Farms Resort, Inc. v. Inv'rs Ins. Co. of Am., 65 N.J. 474, 484 (1974). We owe particular deference to the judge's evaluation of witness credibility. Cesare v. Cesare, 154 N.J. 394, 412 (1998). We review the judge's rulings on evidentiary and discovery issues for abuse of discretion. Hisenaj v. Kuehner, 194 N.J. 6, 12 (2008); Capital Health Sys., Inc. v. Horizon Healthcare Servs., Inc., 230 N.J. 73, 79-80 (2017). We apply the same standard to the judge's decision of a motion for reconsideration. See Fusco v. Newark Bd. of Educ., 349 N.J. Super. 455, 462 (App. Div. 2002). However, we review the judge's legal interpretations de novo. Manalapan Realty, L.P. v. Manalapan Twp. Comm., 140 N.J. 366, 378 (1995).

After reviewing the record with those standards in mind, we find no basis to second-guess the trial judge's credibility determinations or his factual findings. Based on the facts as the judge found them to be, we find no error in his legal conclusions that Callaway failed to carry his burden of proof on any of his claims. "As a general principle of contract law, there must be a meeting of the minds for an agreement to exist before enforcement is considered." Kernahan v. Home Warranty Adm'r of Fl., Inc., 236 N.J. 301, 319 (2019). A

A-5474-17T3

meeting of the minds exists "if [the] parties agree on essential terms and manifest an intention to be bound by those terms[.]" Weichert Co. Realtors v. Ryan, 128 N.J. 427, 435 (1992). The judge found that Callaway failed to produce credible evidence that he and Spiro agreed to the contract terms Callaway described in his testimony. Nor did the judge find Spiro's testimony entirely credible, and he therefore did not accept her version of the contract terms. The judge also found that Callaway failed to support his quantum meruit claim with invoices, receipts, or other credible evidence.

The record supports the judge's factual findings, and in light of those findings, his legal conclusions on the contract and quantum meruit issues are correct. See Rova Farms, 65 N.J. at 484. The judge did not abuse his discretion in denying Callaway's motion for reconsideration. Fusco, 349 N.J. Super. at 462.

Callaway's remaining arguments are completely without merit, and except as briefly addressed below, they do not warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Callaway's Point II is not supported by the record. Fior, the selling realtor, was not called as an expert witness, but the court permitted him to answer the questions Callaway's counsel asked him about the sale price of the property.

Counsel simply did not ask, or attempt to ask, any questions about the issues now raised in Callaway's appellate brief.

Callaway's Point III is likewise contrary to the record. The judge permitted discovery of a portion of Callaway's personal tax returns on which he reported income and business deductions of Callaway's Construction, LLC. When Spiro's attorney attempted to impeach Callaway's credibility by inquiring whether he paid his taxes, the judge properly sustained an objection from Callaway's attorney. The judge's opinion did not indicate that he considered the tax returns in weighing Callaway's credibility.

In Point IV, defendant contends the trial judge erred in excluding from evidence photographs of the construction work on the house. We disagree. The judge heard extensive testimony from Callaway describing the work portrayed in the photos, and during that testimony, the judge permitted Callaway to use the photos to illustrate his testimony. However, the judge did not permit Callaway to later introduce the photos in evidence, because they were not timely produced in discovery. The judge also noted that Spiro did not contest that Callaway performed the work shown in the photos. Hence, it was not necessary to introduce the photos in evidence. We find no abuse of discretion in the judge's evidentiary ruling. See Abtrax Pharm., Inc. v. Elkins-Sinn, Inc., 139 N.J. 499,

513 (1995). And even if there were error, it would have been harmless. R. 2:10-2.

Callaway's last point is equally meritless. The questions the judge permitted Spiro's counsel to ask about Callaway's and his father's banking practices were relevant to issues in the case.

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION